UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVID URBANO,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY BEARD,<br><br>Respondent. | No. 2:17-cv-00021 JAM GGH P<br><br><br><br>FINDINGS & RECOMMENDATIONS |

*Introduction and Summary*

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and Local Rule 302(c).

Petitioner alleges a violation of his federal constitutional rights based on the state court's refusal to reduce his sentence imposed on February 25, 2011, following his conviction for robbery. Resp't's Lodg. Doc. No. 1. Pending before the court is respondent's motion to dismiss on the ground that petitioner fails to state a cognizable federal claim. ECF No. 9. Petitioner has filed an opposition, ECF No. 16; respondent has filed a reply. ECF No. 17. After carefully reviewing the filings, and application of the applicable law, this court recommends that respondent's motion to dismiss should be granted and that this action be dismissed.

////

***Procedural Background***

Petitioner was convicted of second degree robbery on September 23, 2010, in violation of California Penal Code section 211/212.5. Resp't's Lodg. Doc. No. 1. The enhancement for personal use of a firearm was found true. Id. Petitioner was sentenced to a term of thirteen years.

On June 5, 2012, the Third District Court of Appeal affirmed the judgment. Resp't's Lodg. No. 2. However, no petition for review with the California Supreme Court was filed. Instead, on January 20, 2015, petitioner filed a petition with the Yolo County Superior Court for resentencing pursuant to "The Safe Neighborhoods and Schools Act" (hereinafter "Proposition 47"). Resp't's Lodg. Doc. No. 3. On February 24, 2015, the Yolo County Superior Court denied the petition citing the reason for the denial was that it was "not an eligible offense." Resp't's Lodg. Doc. No. 4. On February 19, 2016, the Third District Court of Appeal reaffirmed the judgement. Resp't's Lodg. Doc. No. 5. On April 1, 2016, a petition for review with the California Supreme Court, was denied on May 11, 2016. Resp't's Lodg. Doc. Nos. 6, 7.

Thereafter, petitioner filed a state habeas petition in the Yolo County Superior Court on February 16, 2016, which was denied on April 19, 2016.[1] Resp't's Lodg. Doc. Nos. 8, 9. The instant federal petition for habeas corpus was filed on January 5, 2017. ECF No. 1.

***Discussion***

<u>Failure to State a Cognizable Federal Claim</u>

Petitioner contends that the state court's failure to "at least attempt to construe other offenses not already listed as eligible into the spirit of [Proposition 47]" violates due process "under the state-created liberty interest for habeas corpus relief." ECF No. 16 at 2. Petitioner further alleges only convictions of murder, rape, and child molestation, unlike robbery, are

////

---

[1] In his motion to dismiss, Respondent notes that "Petitioner filed multiple state habeas actions regarding his original conviction and sentence. Because the current petition only challenges the denial of his request for resentencing under Proposition 47, Respondent has not listed the entire state procedural history here, Respondent will provide copies of those petitions, should the Court so request." ECF No. 9 at 2, fn. 2. However, because petitioner is challenging the denial of his resentencing, the Court need not address petitioner's state habeas petitions relating to his original conviction.

"categorically excluded" and are ineligible for relief under Proposition 47. Id. at 3. Respondent contends that this action should be dismissed for failure to state a cognizable federal claim.

A "person in custody pursuant to the judgment of a State court" may challenge that judgment in a federal district court through a habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner's challenge of the state court's interpretation of California Penal Code section 1170.18, Proposition 47, as applied to petitioner's request for resentencing for his conviction of second degree robbery fails to state a cognizable federal claim.

A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Estelle v. McGuire, 502 U.S. 62, 68 (1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Medley v. Runnels, 506 F.3d 857, 862 (9th Cir. 2007); Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1983); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986); Strum v. California Adult Authority, 395 F.2d 446, 448 (9th Cir. 1967) (redetermination of state sentence raises no federal question and are matters for determination by the state), cert denied, 395 U.S. 947 (1969). Here, petitioner is simply attacking an "erroneous" legal decision by the state court. Petitioner may not "transform a state-law issue" into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996); see also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing law does not justify federal habeas relief."); Richmond v. Lewis, 506 U.S. 40, 50 (1992) (To state a cognizable federal habeas claim based on an alleged error in state sentencing, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process" violation). See also Thornberry v. Kernan, 2017 WL 4102401 *4 (S.D. Cal. 2017) (person convicted of robbery had no liberty interest in having Proposition 47 applied to him because he was not *entitled* to have his conviction reduced to theft under the Proposition). Further authority: See Myles v. Rackley, No. 216CV0278TLNCKDP, 2016 WL 6298408, at *2

(E.D. Cal. Oct. 27, 2016), report and recommendation adopted, No. 216CV0278TLNCKDP, 2016 WL 7212801 (E.D. Cal. Dec. 12, 2016) (Proposition 47 claim dismissed on the ground that "federal habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by a state court"); McKinney v. Pfeiffer, No. CV1505268JAKDTB, 2017 WL 1078441, at *4 (C.D. Cal. Jan. 11, 2017), report and recommendation adopted, No. CV1505268JAKDTB, 2017 WL 1073340 (C.D. Cal. Mar. 21, 2017), certificate of appealability denied sub nom. McKinney v. Montgomery, No. 17-55488, 2017 WL 4541383 (9th Cir. June 9, 2017) ("The fact that petitioner attempts to characterize one his Proposition 47 claims as a violation of his federal constitutional rights is not sufficient to render this claim cognizable on federal habeas review").

For these reasons, the court finds that petitioner fails to allege a cognizable federal claim. Accordingly, this petition should be dismissed

*Conclusion*

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be granted;

2. The petition be dismissed with prejudice; and

3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 9, 2018

                              /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE